Anthony V. Gentile, Esq.
**THE GENTILE LAW FIRM, P.C.**
6648 Ridge Boulevard
Brooklyn, NY 11220
Ph: 718-492-1444
anthonyvgentile_esq@yahoo.com
*Offices in Manhattan (FiDi), Bayside, Sunset Park and Bay Ridge**

---

November 11, 2026

**VIA ECF**

Honorable Valerie Figueredo
United States Magistrate Judge
Southern District of New York
500 Pearl Street
New York, New York 10007-1312

**LETTER APPLICATION FOR AN EXTENSION OR TOLLING**

**Re:** ***Fuchs et al v. Turkish Airlines Inc. et al***
**Case No.: 1:26-cv-09055 (LAK-VF)**

Honorable Judge Figueredo:

I represent the Plaintiffs in the above-referenced action, which arises out of personal injuries sustained when an object fell inside an aircraft cabin mid-flight. Pursuant to Your Honor's Individual Practices in Civil Cases, I write to respectfully request an Order:

(i) extending Plaintiffs' deadline to file a motion to remand under 28 U.S.C. § 1447(c) from **November 13, 2026** until after the Court resolves the parties' pending pre-motion letter applications (or, as detailed below, consistent with Defendants' conditional consent, up through **December 2, 2026**, i.e. 21 days), thus memorializing Defendants' waiver of any timeliness objection; or, in the alternative,

(ii) tolling the statutory deadline, from **November 13, 2026** until after the Court resolves the parties' pending pre-motion letter applications (or, consistent with Defendants' conditional consent, up through **December 2, 2026**); thus, memorializing Defendants' waiver of any timeliness objection; or, in the alternative,

(iii) deeming Plaintiffs' November 9, 2026 pre-motion letter (ECF No. 12) to constitute a timely-made motion for purposes of 28 U.S.C. § 1447(c). Because the current statutory deadline expires this Friday, **November 13, 2026**, Plaintiffs respectfully request expedited consideration of this application.

**Relevant Procedural History**

Defendants removed this action to this honorable Court on October 14, 2026 (ECF No. 1). On October 21, 2026, Defendants filed a pre-motion letter requesting a pleading schedule because Plaintiffs had commenced the action in state court by filing a Summons with Notice without a

Complaint (ECF No. 5). Plaintiffs opposed that request by letter dated October 22, 2026, explaining that removal was procedurally defective and that Plaintiffs should be permitted to move for remand before being required to file a Complaint (ECF No. 6). In that opposition letter, Plaintiffs expressly noted that the thirty-day statutory period to move for remand under 28 U.S.C. § 1447(c) expires on Friday, November 13, 2026.

On November 2, 2026, the Court held a telephonic conference regarding Defendants' letter motion. After hearing from all counsel, the Court orally directed Plaintiffs to submit a pre-motion letter setting forth the legal and factual basis for their anticipated remand motion on or before November 9, 2026. Plaintiffs timely filed their pre-motion letter on November 9, 2026 (ECF No. 12). Pursuant to the Court's further oral directive, Defendants were granted a five-day response period (which expires on Saturday, November 14, 2026).[1]

On **November 9, 2026**, I emailed Defendants' counsel requesting consent to extend the November 13, 2026 remand deadline. Defense counsel first responded this morning, November 11, 2026, and we conferred by email and telephone as detailed below.

**Plaintiffs' Application Should Be Granted**

Plaintiffs respectfully request that the Court extend or toll the November 13, 2026 deadline so that the parties' pending pre-motion submissions (ECF Nos. 5, 6, and 12) may be decided in an orderly fashion without forcing premature motion practice. Because Defendants' response to Plaintiffs' pre-motion letter is not due until November 14, 2026—one day after the current statutory deadline—requiring Plaintiffs to file a formal remand motion by November 13, 2026 would defeat the purpose of the Court's pre-motion letter procedure and impose an undue burden on the undersigned, a solo practitioner, who would otherwise have to file a full motion in the next two (2) days solely out of an abundance of caution.

Plaintiffs also respectfully request that the Court record Defendants' non-objection as an express waiver of any timeliness defense, or, in the alternative, deem Plaintiffs' timely filed November 9, 2026 pre-motion letter (ECF No. 12) to satisfy the requirement that a remand motion be "made within 30 days" under 28 U.S.C. § 1447(c), with formal briefing to follow upon the Court's scheduling order should the Court grant leave to prosecute the motion.

In accordance with the Court's Individual Practices in Civil Cases, Plaintiffs provide the following required information:

(1) **Original Date of the Deadline:** November 13, 2026.

(2) **Number of Previous Requests for an Adjournment or Extension:** None.

(3) **Reason for the Requested Extension:** As detailed above, Plaintiffs complied with the Court's November 2, 2026 oral directive by filing a pre-motion remand letter on November 9, 2026 (ECF No. 12), and Defendants' response is not due until November 14, 2026, one day after the statutory deadline of November 13, 2026. Moreover, it is unknown how long this busy Court will take to render a decision on the motion. In addition, the effect of the pre-motion briefing schedule on the November 13, 2026 statutory deadline was inadvertently not addressed at the November 2, 2026 conference, and no written order was entered memorializing the oral directive.

[1] To be fair, Respondents' counsel has indicated that they intend to submit their response today.

(4) **Whether All Affected Parties Consent:** I conferred with Defendants' counsel today, November 11, 2026 (in the morning and afternoon), via email and telephone. Defendants' express, written position is: "Defendants have no objection to a reasonable extension of time not to exceed 21 days."

**Conclusion**

For the foregoing reasons, Plaintiffs respectfully request that the Court enter an Order granting the relief set forth on page one (1), above, and, in any event, granting such other and further relief as the Court deems just, proper, and fair.

We thank the Court for its time and attention to this matter.

Respectfully submitted,

/s/ Anthony V. Gentile

Anthony Gentile, Esq.
The Gentile Law Firm, P.C.
*Attorney for Plaintiffs*
cc: All Counsel of Record (via ECF)

MEMO ENDORSED

HON. VALERIE FIGUEREDO
UNITED STATES MAGISTRATE JUDGE

**Dated: November 13, 2026**

Plaintiffs' request to file a Motion to Remand is **GRANTED**. Plaintiffs' deadline to file the Motion to Remand is extended to **December 2, 2026**.

The Clerk of Court is respectfully directed to close the gavels at ECF No. 12 and 13.